## UNITED STATES v. CANADA PACKERS, LTD.

**No. 5624.**—Entered at Niagara Falls, N. Y., November 29, 1938, etc. Entry No. NF 2295, etc.

### First Division, Appellate Term

(Decided April 30, 1942)

*Paul P. Rao,* Assistant Attorney General (*William J. Vitale,* special attorney); for the appellant.
*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the appellee.

Before OLIVER and WALKER, Judges

OLIVER, Presiding Judge: This is an application for review of the decision of the trial court sitting in reappraisement (Reap. Dec. 4993) involving the proper dutiable export value of certain green salted hides exported from Canada and imported at the port of Niagara Falls, N. Y.

The different grades or qualities of hides included in the shipments in question, together with the place and date of exportation, as well as the entered and appraised values, are set forth in the following tabulation:

| Reappt. No. | Date of Exportation | Description of Mdse. | Origin | Entered Value per lb. US | App'd. Value per lb. US |
|---|---|---|---|---|---|
| 131586-A __ | 11/29/38 | No. 1 Hides_ | St. Boniface, Manitoba. | $0. 1057 | $0. 1157 |
| 131586-A __ | 11/29/38 | No. 1 Hides (Kosher). | _____do_____ | . 1007 | . 1107 |
| 131586-A __ | 11/29/38 | No. 2 Hides_ | _____do_____ | . 0957 | . 1057 |
| 131586-A __ | 11/29/38 | No. 2 Hides (Kosher). | _____do_____ | . 0907 | . 1007 |
| 131587-A __ | 12/5/38 | No. 1 Hides_ | _____do_____ | . 1057 | . 1157 |
| 131587-A __ | 12/5/38 | No. 1 Hides (Kosher). | _____do_____ | . 1007 | . 1107 |
| 131587-A __ | 12/5/38 | No. 2 Hides_ | _____do_____ | . 0957 | . 1057 |
| 131587-A __ | 12/5/38 | No. 2 Hides (Kosher). | _____do_____ | . 0907 | . 1007 |
| 133317-A __ | 12/8/38 | No. 1 Hides_ | Edmonton, Alberta. | . 09 | . 11 |
| 133317-A __ | 12/8/38 | No. 2 Hides_ | _____do_____ | . 08 | . 10 |

The values set forth above are subject to deductions for grub allowance, entry fees, consular fees, and United States customs duties at 10 per centum.

It is conceded by the parties that the proper basis for appraisement of the instant merchandise is export value as such value is defined in section 402 (d) of the Tariff Act of 1930. That section reads as follows:

(d) EXPORT VALUE.—The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses, incident to placing the merchandise in condition, packed ready for shipment to the United States.

The present issue does not involve any question as to usual wholesale quantities or principal market. The only question for our determination is the value for export to the United States of the hides in question on the dates of exportation thereof from the markets set forth in the above tabulation.

The three shipments under consideration are partial deliveries under a contract dated November 16, 1938. In reappraisements 131586–A and 131587–A entry was made at 1 cent per pound less than the invoice prices; in reappraisement 133317–A the merchandise was entered at 2 cents per pound less than the invoice values. The entered values represent what the importer claims to be the export values of the merchandise on the dates of exportation thereof. Appraisement was made at the invoice values which are the contract prices.

The court below found that the importer had established its case, and accordingly held the entered values to be the proper dutiable export values of the instant merchandise. From that decision, the Government has appealed.

It is established by the record herein that the value of No. 1 hides, which are undamaged hides, forms the basis for the prices of all other grades or qualities; and that buyers and sellers know from the quotations given for No. 1 hides the prices of lower grades. A No. 2 hide, which is a damaged one, is always sold at 1 cent per pound less than a No. 1 hide. Kosher hides are those from cows that have been slaughtered by having their throats cut by a Rabbi, and they are divided into two classes. The No. 1 Kosher hides are always sold at ½ cent per pound less than No. 1 hides, and the No. 2 Kosher hides are always sold at 1½ cents per pound less than the No. 1 hides.

It is also disclosed by the record before us that there is a fixed price differential between the market value of hides in Toronto and the prices in St. Boniface and Edmonton, the places of exportation of the

instant merchandise. The market value at St. Boniface is always 93 cents per 100 pounds less than the Toronto price, while the market value at Edmonton is always $1.50 per 100 pounds less than the Toronto price. The difference in prices represents the cost of shipping from St. Boniface and Edmonton, respectively, to Ontario. These fixed ratios between the market values at Toronto and values at other principal markets in Canada enable dealers to determine from quotations in Toronto what the market value is in the other markets.

On the trial below, a representative of the Canadian exporting firm and the broker who represented the United States purchaser testified on behalf of the importer. Both witnesses were well qualified to testify concerning market conditions in Canada with respect to the different grades of hides in question. It was shown by their testimony that from November 16, 1938, the date of the contract that provided for the shipments in question, until December 5, 1938, the period of time within which the exportations covered by reappraisements 131586–A and 131587–A were made, there had been a decline in the Canadian market for hides of 1 cent per pound. It was further shown by the testimony of importer's witnesses that on December 5, 1938, No. 1 hides the same or similar to those in question were freely offered to all purchasers at 11½ cents per pound, duty paid, f. o. b. Toronto, although no actual sales were made on that date. The special agents' reports, exhibits 1, 2, and 3, contain nothing which contradicts this oral testimony.

It is argued by counsel for appellant that since no actual sales were made at the lower prices claimed by the importer, such values cannot form the basis for dutiable value. The tariff act (section 402 (d)), *supra*, however, does not require a value at which merchandise is *sold* to establish export value. It specifically states that such value shall be the price at which such or similar merchandise "*is freely offered for sale*" to all purchasers, and the court has held that offers for sale that meet the other requirements of the statute are sufficient to determine dutiable value. We quote from the decision of our appellate court in the case of *Oceanic Trading Co.* v. *United States* (21 C. C. P. A. 146, T. D. 46478):

If so, it is sufficient to say that neither foreign nor export value, as defined by subdivisions (c) and (d), respectively, of section 402 of the Tariff Act of 1930, is limited to the market value or price at which such or similar merchandise is *sold*, but includes the price at which it is *freely offered for sale*. Accordingly, where it has been established that such or similar merchandise was freely offered for sale, as required by the statute, the absence of evidence of actual sales is not of vital consequence. *United States* v. *Baldwin Universal Co.* (18 C. C. P. A. (Customs) 394, T. D. 44641, and cases cited therein).

On the basis of the record before us, we concur in the conclusion of the lower court and hold that the proper dutiable values of the

hides covered by reappraisements 131586–A and 131587–A to be the entered values, as claimed by the importer.

Two sales in the Canadian market of hides like those the subject of reappraisement 133317–A form the basis of the export value claimed by the importer for that merchandise. The sales referred to were made on December 8, 1938, the date of exportation of the merchandise covered by the said reappraisement, and they were negotiated on behalf of the United States importer by the witnesses who testified on behalf of the plaintiff in the court below. It was their testimony that the price at which the sales in question were made was 10½ cents f. o. b. Toronto, duty paid. However, the special agent's report, exhibit 1, which formed the basis for the appraiser's advance, contains the following statement:

The Toronto output of October heavy native cowhides was sold on December 8, 1938, to Endicott Johnson Corp. at 12½ cents per pound duty paid and shipped January 25, 1939.

To rebut such evidence, which refers to the sales testified to by importer's witnesses, and to insure the correctness of his claim, counsel for the importer introduced an affidavit, collective exhibit 4, executed by a director of the importing corporation wherein the affiant substantiates the oral testimony of the importer's witnesses. Attached to the said affidavit were duplicate originals of the confirmations of the orders for the sales referred to.

The comment made by the court in connection with this dispute in the facts expresses our views in the matter. We quote from the opinion of the trial judge:

The court cannot reconcile these discrepancies, but in view of the sworn testimony of the reputable witnesses called it is persuaded that an error was made in transcribing the price [in the special agent's report] involved. No one is infallible and no reflection should be made because of the discrepancy.

We are satisfied that the sales of December 8, 1938, referred to were bona fide transactions; and that it is fairly established that the price at which the merchandise was sold was 10½ cents per pound, f. o. b. Toronto, duty paid. Accordingly, we affirm the holding of the lower court that the entered values are the correct dutiable export values.

We find the following facts, based on the evidence adduced herein:

(1) That the merchandise in question consists of green salted hides exported from Canada and imported at the port of Niagara Falls, N. Y.

(2) That the proper basis of appraisement for this merchandise is export value, as that value is defined in section 402 (d) of the Tariff Act of 1930.

(3) That the usual wholesale quantity in which such or similar merchandise was freely offered for sale in the principal markets of the

country of exportation for exportation to the United States was a carload.

(4) That the principal markets in the country of exportation from which such or similar merchandise is exported to the United States are Toronto, Ontario; Winnipeg or its suburb (St. Boniface), Manitoba; and Edmonton, Alberta.

(5) That the proper dutiable export values are the entered values.

Accordingly, we hold as matter of law that the correct dutiable values of the hides covered by the three shipments in question are the export values that are represented by the entered values.

The judgment of the lower court is affirmed. Judgment will be rendered accordingly.